UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| THE LOUISIANA COMMUNITY DEVELOPMENT CAPITAL INVESTMENT FUND, INC. AND FAITH INVESTMENTS, LLC | CIVIL ACTION NO. 14-2212 |
| VERSUS | JUDGE ROBERT G. JAMES |
| THE GRAMBLING LEGENDS SQUARE TAXING DISTRICT | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion to Tax Costs and for Attorneys' Fees Pursuant to Rule 54(d)(1) & (2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 ("Motion for Fees") [Doc. No. 31]. For the following the reasons, the motion is GRANTED IN PART and DENIED IN PART.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 2014, Plaintiffs Louisiana Community Development Capital Fund, Inc. ("CAPFUND") and Faith Investments, LLC ("Faith") filed this civil rights action pursuant to 42 U.S.C. § 1983. CAPFUND is an African-American controlled Louisiana corporation operating as a non-profit organization. Ernest Johnson ("Johnson"), an attorney, is the President of CAPFUND. Faith is a majority African-American Louisiana limited liability company comprised of two members: CAPFUND and attorney/developer, Jules B. LeBlanc, III ("LeBlanc"). Plaintiffs are represented by Johnson and additional counsel, Arthur Ray Thomas ("Thomas").

Plaintiffs alleged that Defendant The Grambling Legends Square Taxing District ("the

District"), a special taxing district and political subdivision of the State, violated their constitutional rights under the Fourteenth Amendment. Plaintiffs sought to develop a hotel project on their property, a portion of which was located in the District using tax incremental financing. The District denied funding for their project, but Plaintiffs alleged that the District approved funding for a similar hotel project.

The District moved for dismissal on two occasions. On the first occasion, Magistrate Judge Karen L. Hayes issued a Report and Recommendation in which she recommended that the motion be granted in part and denied in part. [Doc. No. 15]. She first found that the Court had subject matter jurisdiction over Plaintiffs' claims of constitutional deprivations under 42 U.S.C. § 1983. To the extent that the District had moved for dismissal on this basis, she recommended that the Court deny the motion.

Magistrate Judge Hayes then set forth the test for stating an Equal Protection violation and considered Plaintiffs' Complaint. She found that Plaintiffs had failed to make "any *factual* allegations to suggest that any purported unequal treatment by the District stemmed from discriminatory intent or animus." *Id.* at p. 12. She explained that Plaintiffs could still advance their claims under a "'class of one' theory which does not require membership in a protected class or group" if they could prove that the District had "improper motive, animus, or ill will." *Id.* at pp. 12-13. However, Magistrate Judge Hayes found that Plaintiffs' Complaint also failed to set forth factual allegations to support this theory. In reaching her conclusions, Magistrate Judge Hayes very specifically pointed out the requirements for alleging and proving an Equal Protection claim.

Although Magistrate Judge Hayes found Plaintiffs' factual allegations to be deficient, she

recognized that district courts are obliged to grant leave to amend when justice requires and often do so prior to dismissing a case for such deficiencies. *Id.* at 13. Accordingly, she recommended that Plaintiffs be given an opportunity to amend their Complaint "with a proposed pleading that cures the deficient allegations." *Id.* at 16. In the absence of amendment, she recommended that the Motion to Dismiss be granted, and Plaintiffs' claims be dismissed for failure to state a claim.

On December 29, 2014, within the time for filing objections to the Report and Recommendations, Plaintiffs sought to file an amended complaint. On January 2, 2015, Magistrate Judge Hayes granted leave, and an Amended Complaint was filed. [Doc. No. 20].

In response, on January 22, 2015, the District filed a Motion to Dismiss Pursuant to Rule 12 [Doc. No. 21], contending that Plaintiffs' claims should be dismissed because the Amended Complaint also failed to state a claim upon which relief can be granted. The District argued that Plaintiffs had no (1) "statutory entitlement or constitutional or other right or mandatory entitlement to public assistance," (2) "failed to allege any cognizable taking, Due Process, or Equal Protection Claim," and (3) failed to allege any "similarly situated properties or projects." [Doc. No. 21-1, p. 30]. Thus, the District argued that it could not be "liable for damages for refusing to violate the law by acting outside its boundaries." *Id.*

On February 13, 2015, Plaintiffs filed a memorandum in opposition to the second Motion to Dismiss [Doc. No. 25]. They argued that their Amended Complaint alleged a Due Process violation because "their property was taken and placed within the taxing district without their consent, prior notice or a pre-taking hearing by the Defendant, a political subdivision of the State of Louisiana." *Id.* at p. 1. By doing so, Plaintiffs argued that the District had denied them the "full use of its property because any revenue derived therefrom is subject to taxation by [the

District] with no benefit to Plaintiffs." *Id.* at p. 2. Plaintiffs argued further that their Amended Complaint sufficiently alleged a violation of the Equal Protection Clause because the District "violated their rights as African American owned and controlled companies" and that the District acted with "deliberate indifference towards the rights of Plaintiffs as African American businesses." *Id.* Plaintiffs additionally challenged the constitutionality of Louisiana Revised Statute § 33:9036.66 as applied to them.

On March 16, 2015, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 26] in which she recommended that the second Motion to Dismiss be granted and Plaintiffs' claims be dismissed with prejudice. She first found that Plaintiffs had not sufficiently alleged a procedural Due Process taking claim when they had not alleged that the property was deprived of all economically viable use. She further found that the creation of the District and the placing of the properties in it was the result of a legislative act which in and of itself provides sufficient due process protection.

Additionally, with regard to their Equal Protection claim, even after amendment, Plaintiffs still failed to allege any facts to show unequal treatment based on race. Likewise, they again failed to allege facts to support an Equal Protection claim based on a class of one. Even after the District filed its second Motion to Dismiss, Plaintiffs failed to allege any facts which showed that the District's "stated explanation for its differential treatment of plaintiffs' proposal was irrational or arbitrary," which "seal[ed] the fate of their equal protection claim." *Id.* at p. 17.

Plaintiffs filed objections [Doc. No. 27] to the Report and Recommendation, and the District filed a response [Doc. No. 28] to Plaintiffs' objections.

After having reviewed the record, including the Report and Recommendation, objections,

4

and response, the Court adopted the Report and Recommendation. The Court issued a Ruling [Doc. No. 29] to address one argument raised by Plaintiffs for the first time in their objections. In support of a substantive due process claim, Plaintiffs argued that they suffered a taking without just compensation because hotel occupancy taxes and rents are both civil fruits under Louisiana law, and the District's actions deprived them of these fruits. However, the Court rejected this additional claim. The Court found that

> taxes are obligations owed by the potential customers if a hotel were built on the corner edge of the property (the portion of the property within the District) and if the District, within its discretion, established an occupancy tax on that property. Second, rents are civil fruits, but Plaintiff[s] do not allege that they have been deprived of all economically viable use of the property. Plaintiffs can build anything they wish on their property within the zoning parameters.

[Doc. No. 29, pp. 1-2]. The Court dismissed Plaintiffs' claims with prejudice.[1]

Following the Court's Judgment, the District filed the instant motion seeking a minimum of $7,280 in attorneys' fees to be awarded against Plaintiffs and/or Johnson and/or Thomas. Plaintiffs oppose the motion. [Doc. No. 33].

The Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Costs

The District's motion was styled a request for costs and attorney's fees, and the District cites Federal Rule of Civil Procedure 54(d)(1) which provides for an award of costs permitted by

---

[1] In their opposition memorandum to the instant motion, Plaintiffs state that the Court has not ruled on "whether Plaintiffs, as owners of property within the taxing district, could legally submit an application [for funding by the District.]" [Doc. No. 33, p. 4]. The Court finds that such an analysis is unnecessary given its other conclusions, but, regardless, the time for appeal has passed.

5

28 U.S.C. § 1920. However, the District's arguments and evidence are limited to establishing its right to recovery of attorneys' fees. Thus, to the extent that the District moves for costs, there is no evidence to support such a request under Rule 54(d)(1), and the motion is DENIED.[2]

### B. Consideration of Attorneys' Fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927

The Court now turns to consideration of the District's motion for attorneys' fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

Under 42 U.S.C. § 1988, a district court may, in its discretion, award attorneys' fees to a prevailing party in a § 1983 suit. Although prevailing plaintiffs are usually entitled to such fees, prevailing defendants are entitled to fees "only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999); *see also Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009). The Fifth Circuit has identified three factors for a district court to consider in determining whether to award attorneys' fees to a prevailing defendant: (1) whether the plaintiff established a *prima facie* case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citation omitted).

The limitations on an award of attorneys' fees to a prevailing defendant are an attempt to prevent any chilling effect on the enforcement of civil rights. *See Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir.1986). When fees are awarded to a prevailing plaintiff, the award is against a violator of the law and in favor of the individual chosen by Congress to vindicate an important policy; these considerations are not at play when fees are awarded to a prevailing defendant. *See*

---

[2] Attached to the motion is an affidavit from the District's attorney, which is styled an "Affidavit of Costs," but, again, discusses the attorneys' fees incurred, not costs.

*Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 419 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). The Court "must 'resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Offord v. Parker*, 456 Fed. App'x. 472, 474 (5th Cir. 2012) (quoting *Christiansburg Garment Co.*, 434 U.S. at 421). Instead, the Court "must ask whether 'the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Id.* (quoting *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 989, 997 (5th Cir. 2008)).

Similarly, under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As such, "[a]n award of attorney's fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). A mere "lack of merit" is not sufficient to justify an award of attorneys' fees under § 1927. *Ayala v. Enerco Group, Inc.*, 569 Fed. App'x. 241, 251 (5th Cir. 2014). Instead, the Court should impose § 1927 sanctions only where counsel has exhibited "a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened." *Lawyers Title Ins.*, 739 F.3d at 872; *Avayla*, 569 Fed. App'x at 251 (quoting same).

In this case, Plaintiffs were given multiple chances to establish that they had a case sufficient to survive a Rule 12(b) challenge. The District's first motion to dismiss was not successful, but only because the Court allowed Plaintiffs an opportunity to amend their

Complaint to address the deficiencies identified in Magistrate Judge Hayes' Report and Recommendation. The Court cannot say that Plaintiffs' initial filing was entirely frivolous or groundless. However, after Magistrate Judge Hayes issued her first Report and Recommendation, Plaintiffs were well aware of the standard they were required to meet in order for their Equal Protection claim to survive review under Rule 12(b)(6).

In their Amended Complaint and in briefing, Plaintiffs espoused a number of theories, but, even after amendment and after Magistrate Judge Hayes instructed them on the law, Plaintiffs still failed to allege any facts to show unequal treatment based on race. Likewise, they again failed to allege facts to support an Equal Protection claim based on a class of one. Both Magistrate Judge Hayes and this Court found their remaining theories of recovery groundless as well. Applying the three factors identified by the Fifth Circuit for consideration of an award of attorneys' fees under § 1988, Plaintiffs failed to survive even a Rule 12(b)(6) challenge, much less state a *prima facie* case, and, obviously, the case did not reach trial. Although the District did not make a settlement offer, it did not do so because they believed that the claims lacked merit.[3]

In any § 1983 case, the Court is cautious about awarding attorneys' fees to a prevailing defendant lest such an award have a chilling effect on civil rights action. However, under the particular circumstances in this case, the Court finds that an award of attorneys' fees is appropriate under § 1988. Plaintiffs are not unsophisticated *pro se* litigants; these two entities

---

[3] Plaintiffs did make a settlement offer to the District, but it is only a defendant's offer of settlement that is one of the three factors the Fifth Circuit instructs the Court to consider. Regardless, in this case, it is Plaintiffs' failure to make out a *prima facie* case that has the most bearing on the Court's conclusion.

act through Johnson, an attorney and President of Plaintiff CAPFUND, and LeBlanc, an attorney/real estate developer and member of Faith. As counsel for Plaintiffs, Johnson presumably participated, along with co-counsel, Thomas, in the drafting of its pleadings. Further, the District's request for attorneys' fees comes only after Plaintiffs were given an opportunity to amend their Complaint. Plaintiffs thus had a second opportunity to make factual allegations sufficient to comply with the requirements of the law specifically identified by Magistrate Judge Hayes. If after further review they determined they could not make such allegations, Plaintiffs also had the opportunity to let Magistrate Judge Hayes' Report and Recommendation stand without action, and the Court would have dismissed their case. It is Plaintiffs' persistent pursuit of a groundless lawsuit under these particular circumstances that supports the award. Therefore, the District's motion for attorneys' fees under § 1988 against Plaintiffs is GRANTED. However, to avoid a chilling effect on civil rights litigation, the Court will limit the award to the time period of the filing of the Amended Complaint forward.

Further, the Court, in its discretion, finds that the award should be entered against the entity Plaintiffs only, not against Johnson and/or Thomas individually. Although Johnson is counsel of record, both he and LeBlanc are attorneys and businessmen, and both are principals of Plaintiffs. The Court is not convinced that Johnson somehow trod on the rights of LeBlanc or the entities themselves, rendering himself individually liable. Thomas apparently acted as counsel only, and the Court finds no basis to penalize him individually. Therefore, the Court finds that Plaintiffs, not their counsel, bear ultimate responsibility for the continued pursuit of this lawsuit.

Finally, given the Court's award of attorneys' fees under § 1988, the Court need not reach

consideration of the appropriateness of an award under § 1927.[4]

    **C.    Lodestar Analysis**

Having determined that attorneys' fees should be awarded, the Court now turns to the determination of a reasonable fee. The Court begins with a lodestar analysis. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The lodestar amount is an objective determined by multiplying the reasonable number of hours expended by counsel on the case by a reasonable hourly rate based on the prevailing market rates in the relevant community. *See Thompson v. Connick*, 553 F.3d 836, 867 (5th Cir. 2008); *Perdue*, 559 U.S. at 551. In calculating the number of compensable hours, courts consider whether the total number of hours claimed is reasonable based on the nature and extent of the legal services rendered. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Excessive or duplicative time is not compensable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993).

The "lodestar method yields a fee that is presumptively sufficient," 559 U.S. at 552, but the fee may be enhanced "where the method used in determining the hourly rate . . . does not adequately measure the attorney's true market value"; where "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; where there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees"; or in the "rare and exceptional" cases where "superior attorney performance is not adequately taken into account," and "the lodestar fee would not have been adequate to attract competent counsel." *Id.* at 554-56 (citations and internal quotation marks omitted).

---

[4]     The Court would note, however, that the considerations are similar, if not identical.

In this case, counsel for the District, Pamela Breedlove ("Breedlove"), provided an affidavit in which she avers that the billing rate of $175 per hour is less than that she charges her other clients. She further avers that she has been in practice since 1992, and this billing rate is below the current market rate for her services. Plaintiffs do not challenge her averments by affidavit or otherwise.

Based on Breedlove's averments and the Court's own knowledge of prevailing market rates in the Monroe area, the Court finds that the requested billing rate is reasonable and below that charged by a practitioner of similar experience.

The Court now turns to a review of Breedlove's hourly time records, which are supported by her affidavit.[5] The records reflect 15.3 hours expended from the time Plaintiffs provided counsel with a copy of their Amended Complaint in December 2014, until the dismissal of this lawsuit. The Court finds that the hours expended are not excessive, and the time records do not reflect duplicative entries. Further, the District seeks compensation at the same hourly rate for the time spent in preparing the instant motion in the total amount of $700. The Court finds that this time is also compensable. Calculating the lodestar under the principles outlined above, 15.3 hours multiplied by $175 per hour yields a fee of $2,677.50. With the additional amount of $700, the total fee award is $3,377.50. The Court finds that no further adjustment to the lodestar is required because the applicable factors have already been taken into consideration.

### III. CONCLUSION

For the foregoing reasons, the District's Motion for Fees [Doc. No. 31] is GRANTED IN

---

[5] Plaintiffs do not challenge the reasonableness of the hours expended either, only the appropriateness of an award of attorneys' fees at all.

PART and DENIED IN PART. To the extent that the District moved for costs other than attorneys' fees, the motion is DENIED for lack of evidence. To the extent that the District moved for attorneys' fees, the motion is GRANTED IN PART and DENIED IN PART. The Court finds that a judgment of attorneys' fees in the amount of $3,377.50 shall be awarded in favor of the District and against Plaintiffs for the reasons set forth above. A judgment of attorneys' fees shall not be awarded against Plaintiffs' counsel individually.

MONROE, LOUISIANA, this 28th day of October, 2015.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE